UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ricky Benson a.k.a. Rickey Benson, )
)
Plaintiff, )
) Case: 1:16-cv-01369 (F-Deck)
v. ) Assigned To : Unassigned
) Assign. Date : 6/29/2016
Scott S. Harris *et al.*, ) Description: Pro Se Gen. Civil  Jury Demand
)
Defendants. )

MEMORANDUM OPINION

This action is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a Tennessee state prisoner incarcerated in Memphis, Tennessee. He sues the Clerk and Deputy Clerk of the United States Supreme Court under 42 U.S.C. § 1983, seeking $100,000 in damages. The complaint is based on the defendants' April 26, 2016 response to plaintiff's request for assistance, informing that the Supreme Court does not appoint counsel for the purpose of preparing a petition for writ of certiorari. *See* Compl. Attachment. Plaintiff claims that the defendants' response deprived him of due process and other constitutional rights. *See* Compl. at 6.

Dismissal is required for three distinct reasons. First, this Court lacks jurisdiction to review the decisions of the United States Supreme Court, including those of its Clerk of Court.

1

*In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Second, the Supreme Court Clerk and his staff enjoy absolute immunity from a lawsuit for money damages based on actions, such as alleged here, that fall within the scope of their official duties. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Third, the complaint is patently insubstantial, and "[a] district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: June 21, 2016

United States District Judge